UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN BROWN,

      Plaintiff,

v.                              Case No.:  8:23-cv-00609-KKM-MRM

JULIE SERCUS,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Devin Brown filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) on March 20, 2023, which the Court construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03. (Doc. 2). Plaintiff seeks leave to proceed *in forma pauperis*, which is without pre-payment of fees. The Undersigned has carefully reviewed the Complaint (Doc. 1) and the motion for leave to proceed *in forma pauperis* (Doc. 2) under 28 U.S.C. § 1915 and relevant pleading standards. Based upon that review, the Undersigned recommends that Plaintiff's motion be denied without prejudice and Plaintiff be required to amend the Complaint.

## LEGAL STANDARDS

When a plaintiff files an application or motion to proceed *in forma pauperis*, the Court must review the pleading and the case under 28 U.S.C. § 1915. Upon such a review, § 1915 requires the Court to dismiss the case if the Court determines that:

      (A)    the allegation of poverty is untrue; or

      (B)    the action or appeal—

           (i)      is frivolous or malicious;

           (ii)    fails to state a claim on which relief may be granted; or

           (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  A complaint is considered to be "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Notably, while *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's *pro se* status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Jud. Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). This means that even *pro se* litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief.  *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

As a threshold consideration, Fed. R. Civ. P. 8 requires a pleading to contain:

      (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

      (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

      (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).  Rather, a complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Additionally, Fed. R. Civ. P. 10 provides that in any pleading:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"  *Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-

34MCR, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Relatedly, the Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings" that run afoul of Rule 8 and/or Rule 10.  *See Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016) (citing *Weiland v. Palm Bch. Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)).  Shotgun pleadings include those that:

(1)     contain multiple counts where each count adopts the allegations of all preceding counts;

(2)     do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;"

(3)     do not separate each cause of action or claim for relief into separate counts; or

(4)     contain counts that present more than one discrete claim for relief.

*Id.* (quoting *Weiland*, 792 F.3d at 1321-23); *see also Toth v. Antonacci*, 788 F. App'x 688, 689-91 (11th Cir. 2019).

## ANALYSIS

The Undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1) in light of the pleading standards articulated above and the requirements of § 1915.  The Undersigned finds and determines that Plaintiff must amend the Complaint (Doc. 1).

Primarily, Plaintiff brings an action that fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii).  In his Complaint, Plaintiff alleges that Defendant Julie Sercus, a state judge, "made an Unlawful Enforcement order attaching the Disabled Plaintiff[']s Federally protected

Title 38 VA disability [c]ompensation and used it as 'income' as an apportionment claim for the Plaintiff[']s daughter." (Doc. 1 at 9). He also generally alleges that Judge Sercus was prejudiced and biased against him during the proceedings in state court. (*Id.* at 10). Earlier in the Complaint, Plaintiff indicated that his lawsuit is brought under 42 U.S.C. § 1983 against Defendant in her official capacity. (*Id.* at 2-33).[1] In terms of relief, Plaintiff requests, in part, an immediate dismissal of "all order[s] [Defendant] signed involving an unlawful attachment." (*Id.* at 5).

Construed liberally, the Undersigned finds that Plaintiff's Complaint raises claims related to certain state court decisions apportioning part of his veterans benefits to pay for child support obligations.[2] Under that liberal interpretation, the Undersigned finds that Plaintiff's Complaint should be dismissed for several reasons.

First, Plaintiff's Complaint does not give Defendant adequate notice of the claims against her pursuant to Fed. R. Civ. P. 8. At a minimum, Plaintiff "does not denominate any counts in his complaint or aver any causes of action." *Tucker v. Fla. Dep't of Revenue*, No. 8:21-cv-1251-KKM-CPT, 2021 WL 5923064, at *3 (M.D. Fla. Nov. 3, 2021), *report and recommendation adopted*, 2021 WL 5505441 (M.D. Fla. Nov.

---

[1] Additionally, Plaintiff cites, without accompanying explanation, the following statutes as the basis for invoking this Court's federal question jurisdiction: 42 U.S.C. § 659(a) and (h)(1)(B)(iii), 38 U.S.C. § 511(a), 38 U.S.C. § 5301, 42 U.S.C. § 407, and 38 U.S.C. § 6102(b). (Doc. 1 at 3).

[2] Although brought against a different defendant, Plaintiff raised similar claims in an earlier filed case that is now closed. *See Brown v. Brown-Spender*, No. 8:22-cv-02918-MSS-MRM (M.D. Fla. Dec. 22, 2022).

24, 2021).  The Undersigned finds that this deficiency "deprive[s] the Defendant[ ]— and the Court—of 'fair notice' about the nature of the claim (or claims) brought against the Defendant[ ] and the 'grounds' upon which it is predicated." *Id.* (citing *Twombly*, 550 U.S. at 555 n.3).  Accordingly, Plaintiff's Complaint is due to be dismissed on that basis.

Second, and relatedly, Plaintiff has filed an impermissible shotgun pleading that does not separate each cause of action or claim for relief into separate counts. Rule 10(b) requires that Plaintiff separate his allegations into numbered paragraphs. The failure to do so results in Plaintiff's Complaint being an impermissible shotgun pleading.  *Silverthorne*, 668 F. App'x at 355.  Therefore, dismissal of the Complaint is appropriate on this ground as well.

Third, to the extent that Plaintiff seeks any monetary damages in this suit, those claims likely fail under the Eleventh Amendment.  "The Eleventh Amendment prevents private individuals from suing states—and those agencies and departments that are considered 'arms of the state'—for monetary damages, unless the state consents to be sued, has waived immunity, or Congress has abrogated the state's immunity."  *Neely v. Ga. Dep't of Hum. Res.*, 745 F. App'x 890, 892 (11th Cir. 2018); *see also Tindol v. Ala. Dep't of Revenue*, 632 F. App'x 1000, 1002 (11th Cir. 2015) ("[N]o remedy is provided by § 1983 for a Complaint naming only state officials in their official capacities and seeking monetary damages.").  Plaintiff has provided no basis for why sovereign immunity under the Eleventh Amendment would not bar the claims against Judge Sercus in her official capacity.  (Doc. 1).  Should Plaintiff seek

monetary damages and choose to amend his Complaint, he must address this deficiency. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Fourth, to the extent Plaintiff seeks to overturn or invalidate Judge Sercus's decisions or judgments (*see* Doc. 1 at 5), this action may be precluded by the *Rooker-Feldman* abstention doctrine. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Jud. Cir.*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011). The doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The state court appellant has to find a state court remedy, or obtain relief from the U.S. Supreme Court." *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). Plaintiff has provided no basis for why his claims would not be barred by this doctrine. (Doc. 1). If Plaintiff decides to amend his Complaint, he must address why this Court should not abstain pursuant to the *Rooker-Feldman* doctrine.

Fifth, Plaintiff's Complaint is likely subject to dismissal under the domestic relations exception. *Tucker*, 2021 WL 5923064, at *5. "This long-standing exception instructs federal courts to abstain from exercising jurisdiction over cases that require

a determination on issues of child custody, child support, paternity, divorce, or alimony." *Id.* (citing *Moussignac v. Ga. Dep't of Hum. Res.*, 139 F. App'x 161, 162 (11th Cir. 2005)). "This exception carries greater weight where exercising jurisdiction over a case would 'mandate inquiry into the marital or parent-child relationship.'" *Id.* (citing *Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988)).

Plaintiff's primary concern appears to be the judicial order apportioning his benefits for child support obligations. (Doc. 1). That puts this case "squarely within the domestic relations exception to federal court jurisdiction." *Azevedo v. Fla. Dep't of Revue Child Support Customer Servs.*, No. 6:17-cv-1304-Orl-37GJK, 2017 WL 5178486, at *3 (M.D. Fla. Oct. 19, 2017), *report and recommendation adopted*, 2017 WL 5158406 (M.D. Fla. Nov. 7, 2017); *see also Tucker*, 2021 WL 5923064, at *5 (finding that the plaintiff's "allegations center on the Defendants' purported conduct with respect to his court-ordered child support, a matter which would seem to fall within the scope of the domestic relations exception"). Thus, the Undersigned finds that this action likely implicates the domestic relations exception, and this Court should not exercise jurisdiction over Plaintiff's claims.

Based upon the foregoing, the Undersigned recommends permitting Plaintiff one opportunity to amend his Complaint to address the deficiencies identified herein. Additionally, because the Undersigned recommends requiring Plaintiff to amend the Complaint, the Undersigned also recommends requiring Plaintiff to file an updated affidavit of indigency on an AO 239 Application to Proceed in District Court

Without Prepaying Fees or Costs (Long Form) reflecting any change in his financial circumstances.

**CONCLUSION**

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2), construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03, be **DENIED WITHOUT PREJUDICE**.

2. The presiding United States District Judge—

    a. order Plaintiff by a date certain to file a First Amended Complaint that demonstrates why this Court has jurisdiction over his claims and otherwise complies with the Federal Rules of Civil Procedure,

    b. order Plaintiff to file an updated AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) at the same time he files the First Amended Complaint, and

    c. direct the Clerk of Court to send Plaintiff a copy of the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

3. If Plaintiff fails to comply timely with the presiding United States District Judge's Order, his action be dismissed without further notice.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on May 15, 2023.

_____

Mac R. McCoy
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties