UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN BROWN,

    Plaintiff,

v.                                                      Case No: 8:23-cv-0609-KKM-MRM

JULIE SERCUS,

    Defendant.
_____

## ORDER

Devin Brown filed a complaint against a state court judge under 42 U.S.C. § 1983. Compl. (Doc. 1). He also moved to proceed without pre-paying the filing fee. IFP Mot. (Doc. 2). The Magistrate Judge filed a Report and Recommendation, recommending that his motion be denied without prejudice and his complaint be dismissed without prejudice for failing to state a claim. R&R (Doc. 3). On June 5, absent any objection from Brown, I adopted the Magistrate Judge's Report and Recommendation, denied Brown's motion to proceed in forma pauperis, and dismissed his complaint without prejudice. Order (Doc. 4). I gave Brown until June 26, 2023, to file an amended complaint that corrected the deficiencies in his original complaint.

On June 21, 2023, Brown moved "to inquire" into the status of his case and to proceed electronically. Mot. to Inquire (Doc. 5). He claimed that "[a]s of June 21, 2023," he "has not received any correspondence nor communication about the case." *Id.* The clerk re-mailed copies of the Magistrate Judge's Report and Recommendation and my order to Brown at the address listed in his complaint, and I gave him an additional two weeks to file an amended complaint. Because he did not provide a compelling reason to file electronically, I denied his request and reminded him that any member of the public can access electronic records of the federal courts by registering online with PACER.

Brown now moves for reconsideration of that order. Mot. for Recons. (Doc. 7). "The Court's reconsideration of a prior order is an extraordinary remedy" that must be "used sparingly." *See Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) (Kovachevich, J.). Thus, "the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based" and "the movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Here, Brown presents no justification for the Court to reconsider its order granting him additional time to amend his complaint or denying his request to proceed electronically. However, though the Court will not reconsider its prior order, it will sua sponte grant

2

Brown two extra weeks to file his amended complaint. Brown must therefore amend his complaint by **July 21, 2023**, or this action will be dismissed.

Accordingly, the following is **ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. 7) is **DENIED.**

2. Plaintiff may amend his complaint by **July 21, 2023.**

**ORDERED** in Tampa, Florida, on July 7, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge