UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN BROWN,

    Plaintiff,

v.                                       Case No: 8:23-cv-0609-KKM-MRM

JULIE SERCUS,

    Defendant.
_____

## ORDER

Devin Brown filed a complaint against a state court judge under 42 U.S.C. § 1983. Compl. (Doc. 1). He also moved to proceed without pre-paying the filing fee. IFP Mot. (Doc. 2). The Magistrate Judge filed a Report and Recommendation, recommending that his motion be denied without prejudice and his complaint be dismissed without prejudice for failing to state a claim. R&R (Doc. 3). On June 5, absent any objection from Brown, I adopted the Magistrate Judge's Report and Recommendation, denied Brown's motion to proceed in forma pauperis, and dismissed his complaint without prejudice. Order on R&R (Doc. 4). Brown then filed a notice of inquiry into the status of his case, which included a request to "proceed with electronic records." Notice of Inquiry (Doc. 5). I resolved that filing on June 22, 2023, by extending his deadline to file an amended complaint. Order on

Notice of Inquiry (Doc. 6). I also denied Brown's request to file electronically, but informed him that he may access electronic records via PACER like any member of the public. *Id.* at 2. Brown then filed a motion for reconsideration on my order regarding the notice of inquiry. Mot. for Recons. (Doc. 7). On July 7, 2023, I denied the motion, but, because he still had not filed an amended complaint, I extended his deadline to do so until July 21, 2023. Order on Motion for Recons. (Doc. 8). When he failed to file an amended complaint or move for an extension by that day, the previous dismissal became a final judgment, and I directed the clerk to enter judgment and close the case. Order Closing Case (Doc. 9).

Brown now moves for a second time "to inquire" into the status of his case. 2d Mot. to Inquire (Doc. 11). He acknowledges that he received my June 22 order, but claims that "[s]ince then [he] had not received any communication from the courts." *Id.* ¶ 1. He requests that I direct the clerk to mail my previous orders via certified mail instead of regular mail.

Under Federal Rule of Civil Procedure 77(d), the clerk is required to "serve notice of the entry [of an order], as provided in Rule 5(b)." FED. R. CIV. P. 77(d). And Rule 5 requires only regular mail "to the person's last known address." FED. R. CIV. P. 5(b)(2)(C). Here, the docket indicates that all orders have been mailed to the address Brown provided in his complaint—some mailed multiple times. This is sufficient under the Federal Rules. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)

("Fed.R.Civ.P. 77(d) deems mailing of such notices by the clerk to be notice to a party, whether or not the notice is actually received or actually noticed by the party."). And, as Brown has been reminded, orders of the Court are available to the public by registering for a PACER account.

Additionally, Brown does not contend that he was unaware that he was required to file an amended complaint. In fact, he specifically notes having received the June 22 order, which directed him to amend his complaint by July 7. Though he claims to have not received the later order on his motion for reconsideration, that motion did not address the Court's order dismissing his complaint. Regardless of how that motion was disposed of, Brown still needed to amend his complaint within the time allowed, and still failed to do so. Thus, Brown's second notice of inquiry provides no basis to reopen this case or vacate the judgment.

Accordingly, Plaintiff's Notice of Inquiry (Doc. 11) is **RESOLVED**.

**ORDERED** in Tampa, Florida, on August 7, 2023.

Kathryn Kimball Mizelle
United States District Judge

3